Andrew **BIGBEE**, Plaintiff,

v.

**UNITED STATES of America, Federal Bureau of Prisons, Lieutenant Johnson, officially and individually, (Correctional Officer), Defendants.**

**No. 05–C–66–C.**

United States District Court, W.D. Wisconsin.

March 15, 2005.

Andrew Bigbee, pro se.

John B. Van Hollen, U.S. Attorney, Madison, WI, for Defendants.

## ORDER

CRABB, District Judge.

This is a proposed civil action for declaratory and monetary relief, brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671—2680. Plaintiff, who is presently confined at the Federal Correctional Institution in Oxford, Wisconsin, has paid the filing fee in full. Nevertheless, because he is a prisoner, his complaint must be screened pursuant to 28 U.S.C. § 1915A. In performing that screening, the court must construe the complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, it must dismiss the complaint if, even under a liberal construction, it is legally frivolous or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief. 42 U.S.C. § 1915(e). After examining plaintiff's complaint, I conclude that his allegations are sufficient to state a claim against the United States under the Federal Tort Claims Act but fail to state a claim against defendant Johnson under the due process clause of the Fifth Amendment or the Administrative Procedure Act.

In his complaint, plaintiff alleges the following facts.

## ALLEGATIONS OF FACT

On August 7, 2004, defendant Johnson, a lieutenant at the Federal Correctional In-

stitution in Oxford, Wisconsin, conducted a search of the Machine Shop/Welding Shop, where plaintiff works, and confiscated a box containing five handmade purses. Plaintiff noticed the box was missing when he returned to work on August 10, 2004, and notified his supervisor, Mr. Asberry, who told plaintiff that the shop had been searched and that he would inquire about the missing purses. Asberry told the lieutenant that the purses in the box belonged to plaintiff; he told Asberry that the purses were in the confiscation room and that plaintiff would not be getting them back.

On August 11, 2004, plaintiff contacted defendant Johnson, who stated that he needed to speak with Captain Salas before he could speak with plaintiff. Defendant Johnson told plaintiff to contact him the next day, which was a Thursday; however, defendant Johnson does not work on Thursdays or Fridays. On August 12, 2004, plaintiff spoke with Lieutenant Williams, who told him that defendant Johnson was in charge of confiscated property and that plaintiff's purses would not be thrown out because defendant Johnson was the only person allowed to retrieve the key to the confiscation room. On August 15, 2004, plaintiff spoke with defendant Johnson a second time. Defendant Johnson told plaintiff that the purses had been destroyed. Plaintiff asked him when this had occurred and Officer Urbanek, who was standing near the two men, told plaintiff that he had thrown the purses out on August 10, 2004 around 2:00 p.m., less than six hours after Mr. Asberry had been told that they were in the confiscation room.

On August 16, 2004, plaintiff spoke with Associate Warden Engel about the loss of his purses. Engel promised to look into plaintiff's situation. That night, after Engel had visited the lieutenant's office, the Machine Shop/Welding Shop was searched again and left in disarray. Two days later, Engel told plaintiff that he had searched the lieutenant's office and the confiscation room and that several staff members told him that the purses had been in the confiscation room but were now gone.

## DISCUSSION

### A. *Federal Tort Claims Act*

■■■ I understand plaintiff to allege that defendant Johnson wrongfully confiscated a box containing several purses that belonged to plaintiff and that later those purses were thrown away. The Federal Tort Claims Act, 28 U.S.C. §§ 2671—2680, provides in part that the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Cognizable claims under the act include those that are: (1) against the United States; (2) for money damages; (3) for injury or loss of property; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances in which the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1); *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (claim against United States is cognizable under Act if it alleges six elements outlined above). Plaintiff alleges that defendant Johnson, a correctional officer at the Oxford correctional institution, ordered the destruction of his purses in violation of Bureau of Prisons' regulations regarding the disposition of items seized as contraband. Fairly construed, his allegations suggest that defendant Johnson's actions were at least negligent if not inten-

tional. Therefore, they are sufficient to state a claim.

Plaintiff may not bring this claim unless he has presented it to the appropriate federal agency and that agency has denied the claim. 28 U.S.C. § 2675(a). Plaintiff has submitted with his complaint a copy of a Final Denial of Claim from the Regional Counsel dated November 4, 2004. From this document, it appears that he has exhausted his administrative remedies with respect to his claim under the Federal Tort Claims Act. Therefore, I will allow him to proceed on this claim. I note, however, that the United States is the only proper party to defend against a claim brought under the Federal Tort Claims Act. *See* 28 U.S.C. § 2674.

### B. *Due Process*

I understand plaintiff to allege that defendant Johnson's failure to follow Bureau of Prisons' regulations regarding the disposition of items seized as contraband deprived him of property without due process of law in violation of the Fifth Amendment. It is not clear from plaintiff's complaint why his purses were seized, although it is clear that plaintiff believes they were seized pursuant to 28 C.F.R. § 553.13(a), a regulation authorizing prison staff to "seize any item in the institution which has been identified as contraband" no matter where the item is found. As soon as plaintiff discovered that the purses were missing, he spoke with his supervisor and claimed ownership of them. Under 28 C.F.R. §§ 553.13(2)(i)(ii), defendant Johnson was to provide plaintiff with an inventory of the confiscated items and allow him seven days to provide evidence of ownership. However, the purses were destroyed only four days after being confiscated, so plaintiff did not have the chance to establish ownership.

The Fifth Amendment protects plaintiff from being deprived of life, liberty or property without due process of law by the federal government. *Caldwell v. Miller,* 790 F.2d 589, 602 (7th Cir.1986). However, before he is entitled to Fifth Amendment due process protections, plaintiff must have a protected liberty or property interest at stake. *Dandan v. Ashcroft,* 339 F.3d 567, 575 (7th Cir.2003). Contrary to plaintiff's suggestion, the procedures for handling items seized as contraband set out in § 553.13 do not give rise to a protected interest. *Massey v. Helman,* 259 F.3d 641, 647 (7th Cir.2001) ("procedural protections do not in and of themselves create cognizable liberty or property interests"); *Ledford v. Sullivan,* 105 F.3d 354, 357 (7th Cir.1997) (citing *Cain v. Larson,* 879 F.2d 1424, 1426 (7th Cir.1989)) ("to give rise to a constitutionally protected property interest, a statute or ordinance must go beyond mere procedural guarantees"). In *Caldwell,* the court found that an inmate had a property interest in hardbound books taken from his cell during a prison "lockdown." *See also Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir.1998) (inmate had property interest in possessions he attempted to take with him while being transferred to another prison). This case is different because the purses were taken from the Machine Shop/Welding Shop, not plaintiff's cell. It is not clear that an inmate has a property interest in items found outside of his cell. However, because plaintiff alleges that the purses belonged to him and that he claimed ownership of them after discovering that they were missing, I will assume that he had a property interest in them.

The next question is what process was due. *Ledford,* 105 F.3d at 356. Plaintiff's allegations suggest that the destruction of his purses was a random and unauthorized act rather than one carried out pursuant to a policy of the institution or the Bureau of

Prisons. In such a situation, pre-deprivation procedures are not required and the federal government's provision of an opportunity for a meaningful post-deprivation remedy satisfies the fundamental requirement of due process. *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (no due process claim for random and unauthorized deprivation of property, even if taking is intentional, so long as state provides inmate suitable post-deprivation remedy); *Raditch v. United States,* 929 F.2d 478, 481 (9th Cir. 1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment."). The federal government has provided a meaningful post-deprivation remedy for his loss, the Federal Tort Claims Act. *Del Raine v. Williford,* 32 F.3d 1024, 1046 (7th Cir.1994). Thus, plaintiff's allegations fail to state a claim under the due process clause.

### C. *Violation of Prison Rules and Regulations*

As noted above, plaintiff alleges that the confiscation of his purses was not effected in accord with Bureau of Prisons' regulations because defendant Johnson did not allow plaintiff seven days to provide evidence of ownership of the purses. He contends that defendant Johnson's actions violated 28 C.F.R. § 553.12–13 as well as a Bureau of Prisons Program Statement 5580.06 and and Institution Supplement OXF–5370.08F. 28 C.F.R. § 553.12 divides "contraband," as that term is defined in 28 C.F.R. § 500.1(h), into two categories: "hard contraband" and "nuisance contraband." Section 553.13 establishes procedures for handling items seized as contraband. It gives prison officials the authority to seize contraband found within an institution, § 553.13(a), and requires items seized as

contraband to be "inventoried and stored pending identification of the true owner." § 553.13(b)(2). Once inventoried, prison officials must provide an inmate claiming ownership of the property with a copy of the inventory and allow the inmate seven days to provide evidence of his ownership of the seized items. § 553.13(b)(2)(i)-(ii).

■■ Inmates have the right to expect prison officials to follow Bureau of Prisons' procedures. *Caldwell,* 790 F.2d at 610. However, plaintiff does not have a cause of action for money damages under the regulations, program statement or institution supplement. His allegation that defendant Johnson violated 28 C.F.R. § 553.12–13 is properly construed as a claim under the Administrative Procedure Act. 5 U.S.C. § 702. Under that statute, Congress has waived the sovereign immunity of the United States with respect to claims based on an agency's violation of its own regulations, but only as to claims seeking injunctive or declaratory relief. The waiver does not apply to claims seeking money damages. As to his contention that defendant Johnson violated a Bureau of Prisons program statement and institution supplement, those documents are in the nature of policy statements and therefore do not give rise to a cause of action. *Miller v. Henman,* 804 F.2d 421, 424–26 (7th Cir. 1986). Therefore, plaintiff has failed to state a claim upon which relief may be granted.

### ORDER

IT IS ORDERED that

1. Plaintiff Andrew Bigbee may proceed against defendant United States of America on his claim under the Federal Tort Claims Act;

2. Plaintiff's claims that defendant Johnson's failure to follow Bureau of Prisons' regulation deprived him of property

without due process of law is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2) for plaintiff's failure to state a claim upon which relief may be granted;

3. Plaintiff's claim that defendant Johnson violated prison rules and regulations is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2) for plaintiff's failure to state a claim upon which relief may be granted;

4. Defendants Federal Bureau of Prisons and Lieutenant Johnson are DISMISSED from this case;

5. Hereafter, the caption in this case will reflect United States of America as the only defendant;

6. Plaintiff is responsible for serving his complaint on the United States. The rule governing service of process in civil actions brought against the United States is Fed.R.Civ.P. 4(i). According to the rule, a copy of plaintiff's complaint must be sent with a completed summons *by certified mail* to the United States Attorney for the Western District of Wisconsin and the Attorney General in Washington, D.C. Plaintiff should also send a copy of this order with his complaint. The address for the United States Attorney in this district is: The Hon. Stephen Sinnott, Acting United States Attorney, 660 W. Washington Ave., Madison, WI 53703. The address for the Attorney General in Washington, D.C. is: The Hon. Alberto Gonzales, United States Attorney General, 950 Pennsylvania Ave., N.W., Rm. 5111, Washington, DC 20530. Enclosed to plaintiff with a copy of this order are the extra copies of his complaint and this court's order, two summons forms, and a copy of Fed.R.Civ.P. 4(i). Pursuant to Fed.R.Civ.P. 4(1), plaintiff is to submit proof to the court that he served his complaint by certified mail. A copy of the postmarked certified mail receipt for each of the individuals to whom the complaint was sent will constitute proof of service.

7. In addition, plaintiff should be aware of the requirement that he send the United States Attorney in this district a copy of every paper or document that he files with the court. Once plaintiff has learned the identity of the specific lawyer or lawyers in the United States Attorney's office who will be representing respondent, he should serve the lawyer directly. The court will disregard any papers or documents submitted by plaintiff unless the court's copy shows that a copy has gone to respondent's attorney. Plaintiff should retain a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.